**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA, CIVIL ACTION NO.:

Plaintiff, HONORABLE:

vs.

DAVID TOWNSEND

Defendant,

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 15800 Bramell St., Detroit, MI 48223-1015.

**The Debt – Account No. 2015A44577**

3. The debt owed to the United States of America is as follows:

| | |
|---|---|
| *A.* Current Principal *(after application of all prior payments, credits, and offsets)* | $2,809.11 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,445.87 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| *D.* Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| **Total Owed** | **$8,254.98** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 8% per annum.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

    B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*____________

CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

David Townsend
15800 Bramell St
Detroit, MI 48223-1015
Account No. xxx-xx-2655

I certify that U. S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/16/15.

On or about 01/16/90 the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First of America Bank-MI, NA (Kalamazoo, MI). This loan was disbursed for $2,625.00 on 04/18/90 at 8.00% interest per annum. The loan obligation was guaranteed by Michigan Department of Education, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 12/30/90, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,809.11 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 04/06/99, assigned its right and title to the loan to the Department.

Since the assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,809.11 |
| Interest: | $ 5,445.87 |
| Total debt as of 02/16/15: | $ 8,254.98 |

Interest accrues on the principal shown here at the rate of $0.62 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 04/23/2015

Christopher Bolander
Loan Analyst/Litigation Support

EXHIBIT
tabbies
A

FA-4444 (6-88) Authority: 34 CFR 682.401c MAC 390.1413 and 390.1415. Completion Mandatory. No loan can be made unless this form is filed.

9323580

MICHIGAN DEPARTMENT OF EDUCATION
BOX 30047, LANSING, MICHIGAN 48909

# APPLICATION AND PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

Under the Insurance Program of the Michigan Higher Education Assistance Authority

LOAN NUMBER

OVERRIDE

A6-X-000026-08D

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097.

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS

1. Social Security Number: [redacted]-2655
2. Last Name: Townsend First: David MI:
3. Birth Date: [redacted]
4. Permanent Home Address: Street 14959 Griggs City Detroit State MI Zip Code 48238
5. Area Code — Phone Number: (313) 491-1497
6. U.S. Citizenship Status: ☑ (a) U.S. Citizen or National ☐ (b) Eligible Non-Citizen ☐ (c) Neither of the above (see instructions) Alien ID #
7. Total Number of Borrower's Dependents: 4 List ages: (12) (10) (7) (3)
8. State of Permanent Residence: State MI Since Mo. 06 Yr. 70
9. Intended Enrollment (You must enroll at least half-time to be eligible): ☐ Full-time ☑ At least half-time ☐ Less than half-time
10. Major Course of Study: 110
11. While in school you intend to live: (Check One) ☐ With Parents ☐ On Campus ☑ Off Campus
12. Prior to the school year for which the loan is intended, have you ever been enrolled in any school beyond high school level? ☐ Yes ☑ No
13. Have you ever defaulted on an educational loan? ☐ Yes ☑ No If yes, give details on separate sheet of paper including what arrangements have been made, if any, to repay the debt.
14. School Name and Division: LAWTON SCHOOL 23077 GREENFIELD SOUTHFIELD, MICHIGAN 48075
15. Do you have any outstanding guaranteed student loans that are NOT guaranteed by the Michigan Higher Education Assistance Authority? ☐ Yes ☑ No None
(See Instructions) If "Yes," list below (DO NOT INCLUDE PERKINS LOANS, NDSL, HPF, or HEAL). If "No," write "None."

| Name of Lender | City and State of Lender | From Mo. / Yr. | To Mo. / Yr. | Unpaid Balance | Interest Rate |
|---|---|---|---|---|---|
| none | | | | | |

16. Parent or Guardian (Circle One): Name Elhner Townsend Address 13545 Griggs City, State, Zip Detroit MI 48238 Phone 935-4843 Employer NONE

Relative — or Separated Parent (Circle One): Name Matty Townsend Address 14959 Griggs City, State, Zip Detroit MI 48238 Phone 491-1497 Employer Post Office

Relative — Not Living With You: Name David Smith Address 17134 Edinborough City, State, Zip Detroit Mi Phone 532-5481 Employer Police Department

17. Driver's License Number (If none, write "none."): NONE State
18. Requested Loan Amount: $2625
19. What period do you want this loan to cover: From: Mo. 1 Yr. 90 To: Mo. 6 Yr. 90
20. Lending Institution which provided this application: Name FIRST OF AMERICA BANK-MI, N.A. Address 432 WEST CROSSTOWN PARKWAY KALAMAZOO, MI 49001

## Promissory Note for a Guaranteed Student Loan

I. Promise To Pay I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of Twenty Six Hundred Twenty Five DOLLARS ($2625.00)
21. Requested Loan Amount — Must be the Same as Item 18
or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF. I HAVE READ AND UNDERSTAND THE BORROWER RIGHTS AND RESPONSIBILITIES THAT ARE INCLUDED IN THIS BOOKLET OF WHICH THE APPLICATION AND PROMISSORY NOTE ARE A PART.

22. Student Borrower Signature: David Townsend Date: 1-16-90

**NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.**

## SECTION II — TO BE COMPLETED BY SCHOOL — SEE SCHOOL INSTRUCTIONS ON REVERSE SIDE OF COPY C

23. Name of School: Lawton School
24. Street No.: 23077 Greenfield City: Southfield State: MI Zip Code: 48075
25. Phone: (313) 557-0002
26. School Code: 023221
27. Grade Level: Undergraduate 0 [CR] 1 [FR] ☒ 2 [SO] 3 [JR] 4 [SR] 5 [5yr]; Graduate or Professional 6 [1yr] 7 [2yr] 8 [3yr] 9 [4yr]
28. Expected Completion of Studies Date: MO. 06 YR. 90
29. Loan Period: From 01 24 90 To 06 13 90
30. Estimated cost of education for loan period: $6196
31. Financial aid for loan period: $0
32. Expected Family Contribution: $466
33. Cost Minus Aid Minus EFC (Item 30 Less Items 31 and 32): $5730
34. STATE USE ONLY
35. Dependency Status: ☐ Dependent ☑ Independent
36. Type of Academic Enrollment Period: ☐ Semester ☐ Trimester ☐ Quarter ☒ Clock Hour ☐ Other. Explain
37. First day of class of each academic enrollment period: 1st 01 24 90; 2nd 04 19 90; 3rd; 4th
38. My signature below certifies that I have read and agreed to the EDUCATION CERTIFICATION printed on the reverse side of COPY B and COPY C. Patricia Carter Authorized School Official Date 1-31-90
39. PATRICIA CARTER DIRECTOR OF FINANCIAL AID Printed Name and Title

## SECTION III — TO BE COMPLETED BY THE LENDING INSTITUTION

40. Name of Lending Institution: FIRST OF AMERICA BANK-MI, N.A.
41. City: KALAMAZOO
42. Federal Code: 8059431
43. Amount Recommended: $
44. Signature of Authorized Lending Official:
45. Title: SLC
46. Date:

9 1 2 4 9 0 0 0 0 3 5 9

COPY A — LENDER

# Additional Terms of the Promissory Note for a Guaranteed Student Loan

**Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by MHEAA, at least one-half the normal full-time academic workload required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

**Interest** (1) I agree to pay on amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. [illegible] however, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment status [illegible] I will be responsible for payment of all interest that accrues on this loan except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT Paragraph VIII in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Guaranteed Student Loan on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on outstanding GSL(s). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988 and have no outstanding GSL(s), the applicable interest rate on this loan will be [illegible]. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and have no outstanding GSL(s) but I do have an outstanding loan on any Parent Loans for Undergraduate Students ("PLUS") Supplemental Loan for Students ("SLS") made for enrollment periods beginning before that date, or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988 and have no outstanding balance on GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status and (b) beginning with the fifth year of my repayment status will be identified on the (Notice of Disclosure). (6) I may also receive rebates of interest if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued but unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Michigan Guarantee Agency.

**Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law and [illegible] to me on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed or has not been cashed within 120 days of disbursement, or all of the loan money is returned to you within [illegible] days of disbursement, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to MHEAA to pay for its guarantee of this Note. The guarantee fee is calculated on the amount of this loan from the disbursement date until the expiration of my grace period following the graduation or completion date indicated by the School in Section II of my application for this loan. If any loan check is returned uncashed to you or has not been cashed within 120 days of disbursement or all of the loan money is returned to you within 120 days of disbursement, I will be entitled to a refund of any guarantee fee paid in respect to such disbursement. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you after it is due as specified on the Notice of Loan Guarantee and Disclosure Statement within the number of days as specified in Federal Guaranteed Student Loan Program regulations or 2) I fail to notify you of a change in my name, address or school enrollment status; or 3) make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice to me you will have the right, without further notice, to take the outstanding balance out of my checking or savings account I have with you, if not prohibited by law, but not out of the proceeds of any property of mine which you have a right to take because of any other agreement between us. If I default, I will still be required to pay interest on this loan as provided under Interest Paragraph III from the date of default. A default also makes me ineligible for the benefits described under Deferment Paragraph VIII.

**Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me a late charge of the maximum rate permitted if a payment is late. I will be charged six cents for each dollar of each late installment.

**Additional Agreements** 1) The proceeds of this loan will be used only for my education expenses at the school to be named in Section II of my Application. 2) Any notice required to be given me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing and agreed to by MHEAA. 4) If MHEAA is required under its guarantee to repay my loan(s) because I have defaulted, MHEAA will become the owner of the Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship I may be eligible for forbearance as provided for in the MHEAA regulations at the discretion of the holder on the repayment of my loan(s). 7) If I die or become permanently and totally disabled the balance of this Note will be paid in full to you or any other owner of this Note by MHEAA. 8) If I default on this Note by reason of delinquency and you incur any expenses or costs or expenses in connection with collecting on my debt, you will add all reasonable expenses and attorney fees to my account. 9) In this Note the words I, me, and my mean the borrower entitled in item 2 of Section I of the Application. You, your, and yours mean the lender and any other owner of this Note.

**Deferment** Payment of principal on my loan may be deferred after the repayment period begins if I am eligible for and comply with applicable State and Federal regulations. (A) I am entitled to defer payments of principal on my loan after the repayment period begins: (1) While I am enrolled: a) at a participating school in full-time [illegible] as determined by that school, however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States or b) in a graduate fellowship program approved by the Secretary of Education, or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education; or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. (2) For periods not exceeding 3 years for each of the following while I am: a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; or b) as a full time volunteer under Title I of the Domestic Volunteer Service Act [illegible] service as a full-time volunteer for an organization exempt from taxation under [illegible] the Internal Revenue Code of 1954, which the Secretary of Education has determined [illegible] formed in the Peace Corps or ACTION programs; e) temporarily totally disabled [illegible] by a qualified physician [illegible] while I am unable to secure employment because [illegible] spouse or dependent who is temporarily totally disabled as established by [illegible] a qualified physician [illegible]. I may be authorized a deferment of principal payment for an aggregate period of time of less than three years not more than [illegible] (3) For periods not exceeding 2 years while [illegible] internship [illegible] Secretary of Education determined [illegible] needed to gain professional recognition [illegible] practice or service [illegible] (4) For periods not exceeding 24 months while I am conscientiously seeking but unable to find full-time employment in the United States. (5) For a period not exceeding 6 months [illegible] for a newborn or newly adopted child [illegible] and I am not in attendance at school or gainfully employed [illegible] that I was enrolled [illegible] at least 6 months at least half-time at [illegible].

[illegible] I have no Guaranteed Student Loan (GSL), Supplemental Loans for Students or [illegible] Undergraduate Student (PLUS) or Auxiliary Loans to Assist Students [illegible] principal or interest [illegible] on the date I sign this Note [illegible] first disbursed to me on or after July 1, 1987, [illegible] enrollment period that [illegible] after July 1, 1987, you will [illegible] Note if any repayment has begun [illegible] provide you with written notice [illegible] while enrolled half-time during a period for which I am also receiving a Guaranteed Student Loan or Supplemental Loans for Students (SLS); (7) for a period not exceeding [illegible] the National Oceanic [illegible] Public Health Service Act [illegible] a) engaged as a full-time teacher [illegible] teacher shortage area prescribed by the Secretary [illegible] period not exceeding 1 year while [illegible] as a mother with pre-school children [illegible] the workforce and who [illegible] at a rate not exceeding $1.00 over the federal minimum wage [illegible] service in an eligible [illegible] program [illegible] serving in an internship/residency [illegible] certificate awarded by [illegible] a hospital or a health care facility that [illegible].

[illegible] and that after [illegible] this Note written evidence [illegible] eligibility and I agree that I will notify [illegible] as the condition [illegible] deferment of principal payment [illegible] the eligibility criteria [illegible] deferment may be changed by [illegible] as the deferment [illegible] that [illegible] subsequent holder [illegible].

**IX. Repayment** I will [illegible] the total amount due on this Promissory Note [illegible] at the rate indicated [illegible] Paragraph III on the unpaid balance from the [illegible] the grace period until [illegible] unless: 1) The whole [illegible] is due [illegible] or 2) This Promissory Note [illegible] has become due because of item 2 of Date Note Comes Due. [illegible] end of the grace period [illegible] you will send me a Repayment Schedule which shows [illegible] will become part of this Promissory Note. The Repayment Schedule [illegible] under MHEAA's Guaranteed Student Loan Program.

The Repayment Schedule will require me to make monthly payments for a period of not more than [illegible] less than 5 years unless the minimum $[illegible] monthly payment required by program regulations [illegible] principal and interest [illegible] years. At my option I may request and be [illegible] shorter than 5 years [illegible] I may have the repayment period [illegible] is not less than 5 years [illegible] the condition in the preceding sentence [illegible] or forbearance does not [illegible] as part of the 5-to-10 year repayment period.

**X. Prepayment** I may [illegible] without penalty, prepay [illegible] or any part of the principal [illegible] interest of this loan at [illegible].

**XI. Credit Bureau Notification** My lender will report this loan to [illegible] credit bureau. [illegible] notified when I have repaid this loan in full. If I do not repay this loan as required [illegible] MHEAA will [illegible] this failure to repay [illegible] credit bureau. This adverse report may significantly [illegible].

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete, correct to the best of my knowledge and belief and is made in good faith. I hereby authorize [illegible] to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize [illegible] to attend to release to the lending institution, subsequent holder, MHEAA, U.S. [illegible] agents, any requested information pertinent to this loan (e.g., employment, enrollment [illegible]). I certify that the proceeds of any loan made as a result of this application will be used for [illegible] the loan period covered by [illegible] application at the school named in Section [illegible]. I further [illegible] repay any funds that [illegible] cannot reasonably be attributed to meeting [illegible] to attendance at the school for the loan period stated in the Notice of Loan Guarantee [illegible]. I certify that the total amount of loans received under the Guaranteed Student Loan [illegible] 89-329) as amended, will not exceed the allowable maximums. I further certify [illegible] on a Pell Grant, Supplemental Grant, or State Student Incentive Grant [illegible] Direct Student Loan, or a Guaranteed Student Loan, or Federally Insured Student Loan [illegible] or SLS loan, I further authorize [illegible] lending institution to issue a check covering the [illegible] made payable to me [illegible] the lender's option, jointly payable to [illegible] loan check will be sent to the school named in Section II. I have read and understand [illegible] Rights and Responsibilities [illegible] supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement [illegible] amount (as determined by the lender and/or program regulations) the fee amount [illegible] understand and agree that [illegible] information on the Notice of Loan Guarantee and Disclosure [illegible] with the information on the application and Promissory Note, the information on the Notice of [illegible] Disclosure Statement applies.

I further understand and [illegible] that if there is a question regarding the identity of the social security [illegible] I have provided in item #[illegible] the application for a Guaranteed Student Loan, [illegible] subsequent holder of this promissory note or the guarantor of this loan to request and to receive from the Social Security Administration information concerning my social security number including the name under which the number was issued and any other information necessary to validate the correctness of the social security number.

NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION